PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* WENCESLAO AQUINO JIMÉNEZ, Defendant and Appellant.

No. 5848. Argued May 8, 1936.—Decided May 26, 1936.

*Buenaventura Esteves* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Wenceslao Aquino Jiménez was charged with arson, found guilty by a jury and sentenced to ten years in prison at hard labor.

In his appeal, the defendant alleges that the court committed manifest error, as to the motion for a new trial, in deciding the said motion without having set it for hearing and without giving the defendant an opportunity to pre-

sent his evidence, and in deciding the said motion for a new trial in open violation of the provisions of Subsections 5 and 7 of Section 303 of the Code of Criminal Procedure.

This case was tried on February 18, 1935. The jury returned a verdict of guilty and the court set February 21 of the same year for imposing sentence. On that day the defendant appeared accompanied by his attorney and requested a term of ten days to prepare and file a motion for a new trial. The court granted the defendant until the 26th of the same month and year to file the motion. On that date, February 26, the attorney for the defendant filed the said motion. That same day, in the absence of the attorney for the defendant, and without having rendered, so far as the record shows, any decision on the motion for a new trial, the court sentenced the defendant to ten years in prison at hard labor.

As may be seen, the date set for pronouncing sentence became ineffective when the defendant announced his intention of applying for a new trial and he was granted a term to do so. The court, nevertheless, proceeded to impose sentence without notice, in the absence of the attorney for the defendant and without having fixed a date for hearing the motion for a new trial based on newly discovered evidence. When a motion of this nature is presented, the court should set a day for a hearing thereon, in order that the parties may have an opportunity to produce their evidence and to present their arguments.

In accordance with Section 303 of the Code of Criminal Procedure, when the defendant applies for a new trial on the ground of newly discovered evidence, he must present, at the hearing on the motion, the affidavits of the witness on whom he relies for such evidence.

We have read the motion for a new trial and it is our belief that the court proceeded to pronounce sentence without deciding it because it considered it frivolous. We do not wish to venture, however, to deliver a definite opinion on

the point, because without the transcript of the evidence, which has not been sent up to this court, we cannot determine the importance of the error attributed to the trial court. We are of the opinion that the defendant should have placed us in a position to decide whether or not a fundamental error was committed which prejudiced his rights. However, since this sentence was rendered in the absence of his attorney, and since other irregularities have also been committed, we are of the opinion that the said sentence should be set aside, although the verdict of the jury, which has not been affected in any way, will stand, and the case remanded to the trial court for further proceedings not inconsistent with this opinion.